UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA JAY DANIELS,<br><br>    Petitioner,<br><br>    v.<br><br>LARRY SMALL, Warden,<br><br>    Respondent. | ) NO. CV 08-5586-CJC (AGR)<br>)<br>)<br>)<br>) ORDER ACCEPTING FINDINGS<br>) AND RECOMMENDATION OF<br>) UNITED STATES MAGISTRATE<br>) JUDGE<br>)<br>) |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected.  The Court accepts the findings and recommendation of the Magistrate Judge.

      On August 26, 2008, Petitioner filed a habeas petition in which he raised two grounds, one for ineffective assistance of counsel, and one for sentencing error.  With respect to the ineffective assistance claim, Petitioner argued that his counsel failed to interview certain witnesses.  One set of witnesses would have testified that the victim threatened Petitioner, thereby bolstering Petitioner's imperfect self-defense theory, and the other set of witnesses would have testified

that on the day of the murder Petitioner was intoxicated, thereby bolstering a defense of voluntary intoxication. Both the imperfect self-defense and the voluntary intoxication defenses might have permitted the jury to find Petitioner guilty of manslaughter rather than murder.

On June 7, 2011, the Magistrate Judge issued the Report. On August 12, 2011, Petitioner filed a document entitled "Request for Leave to File Amended Writ of Habeas Corpus" ("Request") and lodged a document entitled "First Amended Petition for Writ of Habeas Corpus" ("Supp. Objections").[1] On August 25, 2011, Petitioner filed objections ("Objections").

Petitioner's objections to the grounds addressed by the Report are without merit.

Petitioner also raises a new subclaim to his ineffective assistance ground. He argues for the first time that his counsel should have raised a "heat of passion" defense, which would also have permitted the jury to find him guilty of manslaughter rather than murder. (Supp. Objections at 18-20); *see* Calif. Penal Code § 192 (manslaughter is voluntary "upon a sudden quarrel or heat of passion").

Petitioner's new subclaim is without merit for two reasons. First, it is unexhausted as Petitioner did not raise it before the California Supreme Court. (*See* Lodged Document 8); *see also* 28 U.S.C. § 2254(b)(1)(A). Second, the subclaim suffers from the same defects as the imperfect self-defense theory in that it was based on a threat by the victim that was too remote in time from the murder itself. (*See* Report at 9-11 ("The [imperfect self-defense] doctrine applies only when there is a belief of *imminent* harm.") (emphasis in original).) Petitioner argues that the "heat of passion" subclaim is grounded in the victim's "propensity and proclivity for violent physical and verbal explosions." (Supp. Objections at

---

[1] Although styled as a first amended petition, the Court construes it as additional argument objecting to the Report. The Request is therefore DENIED.

18.) Petitioner does not argue that there was any provocation at the time of the murder itself – he simply refers generally to "the victim's conduct." (*Id.*); *see People v. Breverman*, 19 Cal. 4th 142, 163, 77 Cal. Rptr. 2d 870 (1998) ("if sufficient time has elapsed between the provocation and the fatal blow for passion to subside and reason to return, the killing is not voluntary manslaughter") (citation and quotation marks omitted).

Petitioner's request for an evidentiary hearing is DENIED.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: September 7, 2011

CORMAC J. CARNEY
United States District Judge