1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11   IRA JAY DANIELS,                    )        NO. CV 08-5586-CJC (AGR)
12              Petitioner,              )
13                                       )
        v.                               )
14                                       )        ORDER ACCEPTING FINDINGS
     LARRY SMALL, Warden,                )        AND RECOMMENDATION OF
15                                       )        UNITED STATES MAGISTRATE
              Respondent.                )        JUDGE
16                                       )
17   _____ )

18          Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records

19   on file, and the Report and Recommendation of the United States Magistrate

20   Judge.  Further, the Court has engaged in a *de novo* review of those portions of

21   the Report to which Petitioner has objected.  The Court accepts the findings and

22   recommendation of the Magistrate Judge.

23          On August 26, 2008, Petitioner filed a habeas petition in which he raised

24   two grounds, one for ineffective assistance of counsel, and one for sentencing

25   error.  With respect to the ineffective assistance claim, Petitioner argued that his

26   counsel failed to interview certain witnesses.  One set of witnesses would have

27   testified that the victim threatened Petitioner, thereby bolstering Petitioner's

28   imperfect self-defense theory, and the other set of witnesses would have testified

1   that on the day of the murder Petitioner was intoxicated, thereby bolstering a

2   defense of voluntary intoxication.  Both the imperfect self-defense and the

3   voluntary intoxication defenses might have permitted the jury to find Petitioner

4   guilty of manslaughter rather than murder.

5          On June 7, 2011, the Magistrate Judge issued the Report.  On August 12,

6   2011, Petitioner filed a document entitled "Request for Leave to File Amended

7   Writ of Habeas Corpus" ("Request") and lodged a document entitled "First

8   Amended Petition for Writ of Habeas Corpus" ("Supp. Objections").[1]  On August

9   25, 2011, Petitioner filed objections ("Objections").

10         Petitioner's objections to the grounds addressed by the Report are without

11  merit.

12         Petitioner also raises a new subclaim to his ineffective assistance ground.

13  He argues for the first time that his counsel should have raised a "heat of

14  passion" defense, which would also have permitted the jury to find him guilty of

15  manslaughter rather than murder.  (Supp. Objections at 18-20); *see* Calif. Penal

16  Code § 192 (manslaughter is voluntary "upon a sudden quarrel or heat of

17  passion").

18         Petitioner's new subclaim is without merit for two reasons.  First, it is

19  unexhausted as Petitioner did not raise it before the California Supreme Court.

20  (*See* Lodged Document 8); *see also*  28 U.S.C. § 2254(b)(1)(A).  Second, the

21  subclaim suffers from the same defects as the imperfect self-defense theory in

22  that it was based on a threat by the victim that was too remote in time from the

23  murder itself.  (*See* Report at 9-11 ("The [imperfect self-defense] doctrine applies

24  only when there is a belief of *imminent* harm.") (emphasis in original).)  Petitioner

25  argues that the "heat of passion" subclaim is grounded in the victim's "propensity

26  and proclivity for violent physical and verbal explosions."  (Supp. Objections at

27

28         [1]  Although styled as a first amended petition, the Court construes it as
    additional argument objecting to the Report.  The Request is therefore DENIED.

18.)  Petitioner does not argue that there was any provocation at the time of the murder itself – he simply refers generally to "the victim's conduct."  (*Id.*); *see People v. Breverman*, 19 Cal. 4th 142, 163, 77 Cal. Rptr. 2d 870 (1998) ("if sufficient time has elapsed between the provocation and the fatal blow for passion to subside and reason to return, the killing is not voluntary manslaughter") (citation and quotation marks omitted).

Petitioner's request for an evidentiary hearing is DENIED.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: September 7, 2011

_____
CORMAC J. CARNEY
United States District Judge

3